IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES EDWARD GREEN,**

    Petitioner,

  vs.                                Civil Action 2:14-cv-1698
                                              Judge Smith
                                              Magistrate Judge King

**WARDEN, FRANKLIN MEDICAL CENTER,**

    Respondent.

<u>ORDER</u>
and <u>REPORT AND RECOMMENDATION</u>

    Petitioner seeks to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 without payment of fees or costs. ECF 3. Petitioner's motion for leave to proceed *in forma pauperis*, ECF 3, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid.

    However, having performed the preliminary review of the *Petition* as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the *Petition* fails to state a claim for relief.

    The *Petition,* ECF 1, seeks to challenge petitioner's May 2009 conviction, following a jury trial, in the Franklin County Court of Common Pleas. Petitioner did not pursue a direct appeal from that conviction, nor did he seek any other form of review of that conviction. *Id.* at PAGEID# 3 – 5. Petitioner's present challenge to the conviction reads, in its entirety, as follows: "Violation of my

1

Fourth and Fourteenth Amendment rights. No substantive law filed in the public record of Case 08CR6930, State of Ohio v. James E. Green. No state or federal substantive law filed in this matter for any right, duty, or obligation or law. " *Id*. at PAGEID# 6.

A federal court may entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). The petition must, among other things, "state the facts supporting each ground. . . ."  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Specifically, a petition must "state facts that point to a 'real possibility of constitutional error.'"  *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)(quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). A court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The *Petition*, even liberally construed, alleges no facts whatsoever that would support a claim that petitioner was convicted in violation of the Constitution or laws of the United States. The Court is unable to conclude that the *Petition* presents a "'real possibility of constitutional error.'"  *Blackledge*, 431 U.S. at 75 no. 7.  The *Petition* does not allege a basis for concluding that petitioner is entitled to relief.

It is therefore **RECOMMENDED** that this action be dismissed for

failure to state a claim for habeas corpus relief.

The Clerk of Court is **DIRECTED** to mail a copy of the *Petition* and of this *Order and Report and Recommendation* to the respondent and to the Attorney General of Ohio, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: October 2, 2014                               *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge