IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES EDWARD GREEN,**

        Petitioner,

   vs.                                      Civil Action 2:14-cv-1698
                                                Judge Smith
                                                Magistrate Judge King

**WARDEN, FRANKLIN MEDICAL CENTER,**

        Respondent.

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

    This is a habeas corpus action under 28 U.S.C. § 2254 in which petitioner claims that his state criminal conviction violates the Fourth and Fourteenth Amendments. On November 12, 2014, the Clerk filed a document titled *Motion for Dismissal of Writ of Habeas Corpus Filed by Petitioner*, which purports to be a motion to voluntarily dismiss the action. ECF 15. In response, respondent asks that the action be dismissed with prejudice because of certain statements and allegations contained in ECF 15. *Respondent's Response to Petitioner's Motion to Dismiss Petition*, ECF 17. This matter is now before the Court on petitioner's November 20, 3014 motion requesting a copy of ECF 15 and an extension of time to respond to ECF 17. *Petitioner's Motion Requesting (Doc. 15) & (Doc. 15, PAGE ID #77) to Be Produced as Proof, and Petitioner's Motion for an Extension of Time to Respond to Respondent's Motion to Dismiss Petition*, ECF 18. In that motion, petitioner denies ever filing a motion to voluntarily dismiss the action.

1

A comparison of ECF 15 with the *Petition*, ECF 1, suggests that the handwriting in the two documents, including the signature, is not the same. Regardless of the source of ECF 15, it is clear that petitioner does not intend to seek the voluntary dismissal of this action. Under these circumstances, it is **RECOMMENDED** that the *Motion for Dismissal of Writ of Habeas Corpus Filed by Petitioner*, ECF 15, be denied and ordered stricken from the record.

The Clerk is **DIRECTED** to mail a copy of ECF 15 to petitioner and to indicate on the docket that a copy has been mailed to petitioner. Petitioner's request for an extension of time to respond to ECF 17 is **DENIED** as moot.

The Clerk is **DIRECTED** to remove ECF 18 from the Court's pending motions list.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that

2

"failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

November 21, 2014                    *s/Norah McCann King*
 (Date)                            Norah M<sup>c</sup>Cann King
                          United States Magistrate Judge