IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES EDWARD GREEN,**

    **Petitioner,**

v.

    Case No. 2:14-cv -01698
    Judge Smith
    Magistrate Judge King

**WARDEN, FRANKLIN COUNTY MEDICAL CENTER,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the *Petition, Supplement to Petition, Facts in Support*, *Explanation of Untimely Filing,* and *Case Law in Support*, and ECF 1, 5, 32-35, Respondent's *Motion to Dismiss,* ECF 28, and *Reply,* ECF 36, Petitioner's *Rebuttal*, ECF 37, Respondent's *Motion to Strike*, ECF 38, Petitioner's *Response in Opposition*, ECF 39, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF 28, be **GRANTED**, and that this action be **DISMISSED**.

Respondent's *Motion to Strike*, ECF 38, is **DENIED** as moot.

**Facts and Procedural History**

This case involves Petitioner's convictions, after a jury trial in the Franklin County Court of Common Pleas, on charges of felonious assault and having a weapon while under disability. *See* ECF 28-1, PageID# 167; *State v. Green,* No. 09AP-972, 2010 WL 3239478, at *1-5 (Ohio App. 10th Dist. Aug. 7, 2010). Prior to sentencing, the trial court granted Petitioner's motion for

a new trial. *Id.* The State filed an appeal from that decision and, on August 7, 2010, the appellate court reversed the grant of a new trial and remanded the case to the trial court. *Id.* On January 19, 2011, the Ohio Supreme Court dismissed Petitioner's appeal. *State v. Green*, 127 Ohio St.3d 1503 (Ohio 2011). On June 11, 2011, the trial court imposed an aggregate sentence of twelve years' incarceration. *Exhibit 26* to *Motion to Dismiss.* Petitioner filed a timely appeal, and, on March 6, 2012, the appellate court affirmed the judgment of the trial court. *State v. Green*, No. 2:11AP-526, 2012 WL 760836, at *1 (Ohio App. 10th Dist. March 6, 2012). On December 10, 2012, Petitioner filed motion for leave to file a delayed appeal in the Ohio Supreme Court. As cause for his untimely filing, Petitioner stated that his attorney had failed to notify him of the appellate court's decision until May 16, 2012. ECF 28-2, PageID# 441-42. Petitioner also attached to his motion for a delayed appeal what appears to be a letter from his attorney, dated May 16, 2012, which indicates that Petitioner's counsel had failed to notify Petitioner of the appellate court's decision. Counsel further advised Petitioner that, although the time to file a timely appeal to the Ohio Supreme Court had expired, there were in any event no viable issues to present to the Ohio Supreme Court. ECF 28-2, PageID# 450. Counsel also provided Petitioner with documents for the filing of a petition for post conviction relief. PageID# 450-51. On February 6, 2013, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Green*, 134 Ohio St.3d 1446 (Ohio 2013).

On March 25, 2013, Petitioner filed a motion for reconsideration and a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). As cause for the untimely filing, Petitioner again referred to appellate counsel's failure to timely notify him of the appellate court's decision denying his appeal. ECF 28-2, PageID# 46-61. On May 23, 2013, the appellate court denied Petitioner's motion, noting that a Rule 26(B) application must be filed

within ninety days of the journalization of the appellate court's decision, and that Petitioner had waited "just more than one year" to file his motion. PageID# 496.

> To show good cause for his delay, defendant claims that his appellate counsel did not mail him this court's decision until May 16, 2013. Even assuming that this delay would constitute good cause for that period of time, defendant waited much longer than 90 days from the day he received this court's decision to file this motion. In fact, he waited another seven months and does not provide any reason for that delay. Defendant has not demonstrated good cause for this lengthy delay.

*Id*. In a footnote, the appellate court also stated that, to the extent that Petitioner requested reconsideration pursuant to Ohio Appellate Rule 26(A), that motion was also untimely, because he had filed it well beyond the ten day time limitation. *Id*. Petitioner apparently did not file an appeal from that decision.

On September 23, 2013, Petitioner filed a motion in the state appellate court requesting the reinstatement of the court's denial of his Rule 26(A), (B) applications. Petitioner represented that the Clerk had failed to provide him notice of the denial and he had therefore been unable to timely appeal to the Ohio Supreme Court from that denial. PageID# 499-500. The appellate court denied that request. PageID# 502.

Meanwhile, on February 1, 2013, Petitioner filed another motion for a new trial. PageID# 504. The trial court denied that motion and, on December 5, 2013, the appellate court affirmed that denial:

> The trial court denied appellant's motion on March 11, 2013. In its entry, the trial court noted that this court, in our decision on appellant's direct appeal from his convictions, stated "[t]he trier of fact is in the best position to take into account the inconsistencies in the evidence, as well as the demeanor and manner of the witnesses, and to determine which witnesses are more credible. * * * Given the evidence presented at trial, the jury did not lose its way or create a manifest miscarriage of justice." *Green II* at ¶ 12–13. Appellant timely appealed.

3

\*\*\*

Appellant is before this court on appeal from the trial court's denial of his February 1, 2013 "Motion for 52(B) and Motion for New Trial." Appellant clarified in his brief that the motion was "inadvertently titled under Ohio Crim. R. 52(B) when it should have been titled under Ohio Crim. R. 33(B)." (Appellant's brief, at 3.) Therefore, we will proceed with our analysis under the law governing motions filed pursuant to Crim.R. 33.

We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990). An abuse of discretion exists when the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Crim.R. 33(B) provides:

Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Under Crim.R. 33(B), a motion for new trial must be made within 14 days after the verdict was rendered or, when the motion concerns newly discovered evidence, within 120 days after the day the verdict was rendered. Because appellant filed his motion well outside the 120–day period, he was required to obtain leave from

4

the trial court to file his motion for new trial. "Leave of court must be granted before the merits of the motion are reached." *State v. Gover,* 10th Dist. No. 12AP–777, 2013–Ohio–3366, ¶ 10, citing *State v. Lordi*, 149 Ohio App.3d 627, 2002–Ohio–5517, ¶ 25 (7th Dist.). The moving party must prove unavoidable delay by clear and convincing evidence in order to obtain leave. *State v.. Bates*, 10th Dist. No. 09AP–583, 2009–Ohio–6422, ¶ 13; Crim.R. 33(B). Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *State v. Walden*, 19 Ohio App.3d 141, 146 (10th Dist.1984). The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Fortson*, 8th Dist. No. 82545, 2003–Ohio–5387, ¶ 12.

Appellant's motion for new trial was untimely by several years. He did not seek leave from the trial court to file his motion, nor did he allege that he was unavoidably prevented from filing his motion in a timely manner. We also note that the allegations in appellant's motion were based on information that was available to him before and during trial. On appeal, appellant confirmed this by only relying on the trial court record to support his claims of perjury and prosecutorial misconduct. There is no indication that appellant lacked knowledge of the existence of the grounds supporting his motion and that he could not have learned of the existence of the grounds in a timely manner with the exercise of reasonable diligence. For all these reasons, the trial court did not abuse its discretion in denying appellant's motion for new trial. Accordingly, we overrule appellant's first assignment of error.

Because appellant failed to comply with the requirements of Crim.R. 33, we do not find error with the trial court's decision to deny appellant's motion without holding a hearing to explore the merits of the motion. *See Lordi* at ¶ 25 ("Leave must be granted before the merits are reached."). Accordingly, we overrule appellant's second assignment of error.

*State v. Green,* No. 13AP-260, 2013 WL 6406322, at *1-2 (Ohio App. 10th Dist. Dec. 5, 2013).

Petitioner apparently did not file an appeal from that decision.

On September 25, 2014, approximately nine months later, Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original *Petition* alleges

> Violation of my Fourth and Fourteenth Amendment rights.
>
> No substantive law filed in the public record of Case 08 CR 6930, State of Ohio v. James E. Green.

*Petition,* ECF 1, PageID# 5. The *Supplement to Petition* appears to assert (1) denial of due process for failure to disclose exculpatory information to the defense in violation of *Brady v. Maryland,* 373 U.S. 83 (1963); (2) denial of due process because the evidence of guilt was constitutionally insufficient, *see Jackson v. Virginia*, 443 U.S. 307 (1979); (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. Respondent argues that the action is untimely under 28 U.S.C. § 2244(d)(2).

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

Petitioner acknowledges that he failed to file his habeas corpus petition within the one-year statute of limitations, but maintains that he should not be faulted in view of his attorney's failure to timely notify him that the appellate court had dismissed his appeal. *Explanation of Untimely Filing*, ECF 34, PageID# 699-710.  Respondent argues that, even construing the statute of limitations in the light most favorable to Petitioner, this action is untimely and the record fails to justify the equitable tolling of the statute of limitations. *Reply,* ECF 36, PageID# 797-806.  In *Rebuttal*, Petitioner argues that the Court should equitably toll the running of the statute of limitations based on the denial of the effective assistance of counsel and his *pro se* status. According to Petitioner, dismissal of the case will constitute an injustice.  ECF 37, PageID# 808-812.

**Application**

For ease of discussion, this Court will assume, as Respondent suggests, that all of Petitioner's post conviction and collateral motions, and the time period in between such filings, tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).  The Court will also assume*, arguendo,* that the one-year statute of limitations did not begin to run until May 16,

2012, *i.e.,* the date that Petitioner alleges that he first learned that the Ohio Court of Appeals had denied his appeal. Nevertheless, the Court concludes that the action is untimely.

As noted *supra*, the Court assumes that the statute of limitations began to run on May 17, 2012. It then ran for 207 days, until December 10, 2012, when Petitioner filed a motion for delayed appeal in the Ohio Supreme Court.

Post conviction and collateral actions denied as untimely by the state courts are not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore do not toll the running of the statute of limitations. "[T]ime limits, no matter their form, are 'filing' conditions, and where the state court rejects a post conviction or collateral action as untimely, it was not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. at 417. *See also Isreal v. Warden, Lebanon Correctional Inst.*, No. 2:13-cv-50, 2013 WL 578594 at *4 (S.D. Ohio Oct. 28, 2013)(citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*)(concluding that a motion for a delayed appeal denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)). However, the Court will give Petitioner the benefit of the doubt and assume that all of his post conviction and collateral motions, as well as the time period in between such filings, tolled the running of the statute of limitations.

Calculating the running of the statute of limitations in this manner, the statute of limitations was tolled from December 10, 2012, until December 5, 2013, when the state appellate court denied Petitioner's second motion for a new trial as untimely. The statute of limitations then began to run again the next day and expired 158 days later, on May 13, 2014. Petitioner did not execute this habeas corpus petition until September 19, 2014, approximately four months later. This action is therefore untimely.

Moreover, equitable tolling is not appropriate on this record. The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Such equitable tolling, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *See id*. The United States Supreme Court established this two-part "extraordinary circumstance" test in *Holland v. Florida*, 560 U.S.641, 649 (2010)(citing *Pace,* 544 U.S. at 418)). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Petitioner has not met this burden here.

Petitioner argues that the running of the statute of limitations should be equitably tolled because he did not receive notice of the denial of the appellate court's dismissal of his direct appeal until May 16, 2012. As discussed *supra*, however, Petitioner waited until December 10, 2012, *i.e.,* approximately seven months later, before filing a motion for delayed appeal in the Ohio Supreme Court. He then waited approximately ten months, until March 25, 2013, to file his delayed Rule 26(B) application in the state court of appeals. He waited approximately nine months after the state appellate court's December 5, 2013, denial of his second motion for a new trial before executing this habeas corpus petition.

"[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into

allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials, either together or alone, do not provide sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07-cv-0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012)(citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14-cv-14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014)(citing *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

      Petitioner's counsel's failure to timely notify Petitioner of the appellate court's March 6, 2012, decision denying Petitioner's direct appeal simply does not serve to excuse all of

Pettitioner's subsequent delays in pursuing relief. Petitioner did not act diligently in pursuing his claims.

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11-cv-1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Lafler,* No. 10–1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). A petitioner must overcome a high hurdle in order to establish his actual innocence, and the record fails to reflect that Petitioner has done so here.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*], 513 U.S. [298,] 316, 115 S.Ct. 851, 130 L.Ed.2d 808 [(1994)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. . . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in

11

> the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589–90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins,* — U.S. —, 133 S.Ct. 1924, 1932–33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

Petitioner has failed to provide a convincing or even credible evidence of actual innocence. He has proffered no new, reliable evidence supporting a claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling because he is actually innocent of the offense on which he stand convicted.

The Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF 28, be **GRANTED** and that this action be **DISMISSED**.

Respondent has filed a *Motion to Strike* Petitioner's *Rebuttal* for failure to comply with local rules. *Motion to Strike*, ECF 38. In light of the recommended disposition of Respondent's *Motion to Dismiss*, Respondent's *Motion to Strike,* ECF 38, is **DENIED** as moot.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

     *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

June 5, 2015