IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES EDWARD GREEN,

    Petitioner,

  v.

WARDEN, FRANKLIN MEDICAL CENTER,

    Respondent.

CASE NO. 2:14-CV-1698
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING

## ORDER

On June 5, 2015, the Magistrate Judge recommended that Respondent's *Motion to Dismiss*, ECF 28, be granted and that the action be dismissed as untimely filed. *Order and Report and Recommendation*, ECF 40. This matter is now before the Court on Petitioner's objections to that recommendation. *Objection,* ECF 41. The Court has reviewed the matter *de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The attorney appointed to represent Petitioner in his direct appeal in the state court of appeals did not advised Petitioner, until May 16, 2012, that his direct appeal had been denied. Petitioner's subsequent *pro se* motions for delayed appeal, to reopen his direct appeal, and for a new trial – which were all based on his appellate counsel's failure to promptly notify Petitioner of the denial of his direct appeal – were denied. Petitioner concedes that this action was not filed within one (1) year of the time that his conviction became final. *Explanation of Untimely Filing*, ECF 34. He contends, however, that the statute of limitations established in 28 U.S.C. § 2244 should be tolled because of his attorney's failure to promptly notify Petitioner of the denial of his

direct appeal and, further, because he is actually innocent of the charges of felonious assault and having a weapon while under disability upon which he stands convicted.

In recommending the dismissal of this action as untimely, the Magistrate Judge assumed "that all of Petitioner's post conviction and collateral motions, and the time period in between such filings, tolled the running of the statute of limitations. . . ." *Order and Report and Recommendation,* ECF 40, PAGEID # 829. The Magistrate Judge found that, because the statute of limitations expired – even under this assumption – on May 13, 2014. Because the habeas corpus petition was not executed by Petitioner until September 19, 2014, the Magistrate Judge concluded that the action is untimely. *Id.* at PAGEID # 830. The Magistrate Judge also rejected Petitioner's claim to equitable tolling, reasoning that all of Petitioner's delay in pursuing relief could not be attributable to his appellate counsel's original default and that Petitioner's claim of actual innocence was not supported by new, reliable evidence in support of such claim. *Id*. at PAGEID # 833-34.

In his objections, Petitioner does not argue that this action was timely filed. Rather, Petitioner continues to rely on his appellate counsel's original failure to timely notify Petitioner of the denial of his direct appeal; Petitioner also challenges the sufficiency of the evidence of his guilt and suggests that further investigation will produce additional evidence of his innocence. *See generally Objection*.

Having reviewed the record *de novo*, the Court agrees with the reasoning and conclusions of the Magistrate Judge. This action was not timely filed and Petitioner has failed to establish that equitable tolling of the status of limitations is appropriate.

Petitioner's objections are **DENIED.** The *Report and Recommendation*, ECF 40, is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court **DECLINES** to issue a certificate of appealability.

    *\s\ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**